Chief Justice Robertson
delivered the Opinion of the Court.
On the trial of an indictment against William D. McChord, Silas Tribble and John Summers, for obstructing a highway, the Commonwealth having proved that each of them, owning separate parcels of land on the road, had extended his fence upon it, each in a different place, but all within the boundary designated in the indictment, — the circuit court, being of the opinion that the defendants were jointly, and not severally, charged,, instructed the jury to find “ as in case of a nonsuiton the ground, that there was a fatal variance between the indictment and the proof. The jury having accordingly found the defendants not guilty, judgment was rendered in their favor.
Different pew J°Fj.^'oflenee1 may be indict-01
^ j0,nt jndjct. ment against se veral, for. distinct offences, wil1 not lie-
¡^“dldone! for an offence ticipated *'with .*he °hfjoint act of all:
jtqj* inigcjGiufio,”* meanorsofthe ?ame kmd.diffenng only in the degree of guilt, and of punishment, one indictment charging divers offenders severally, may be maintained'.
The correctness of that judgment is now to be considered.
The counsel for the defendants insists that the indictment is insufficient: — first, because, if it import, as he contends that it does, a joint offence, it should have charged expressly that the defendants “jointly,” and not, as it docs, that “ they and each of them” committed the illegal act; and, second, because, if it was intended to make a several charge, the omission of the technical word “ severally,” is fatal; and he argues therefore, that, as the indictment is substantially defective, the judgment should be affirmed, even though the court below may have erred in giving the instruction.
On the other hand, the Attorney General, without noticing the argument respecting the indictment, contends, that if the conclusiveness of the objections urged against it be conceded, still the circuit judge erred in directing a nonsuit, and that this error should produce a reversal; because, as he argues, the judgment on the verdict will bar any other indictment, either joint or several, for the same offences.
For a joint offence by several, the offenders may be indicted either jointly, or severally. But if the offenders be severally guilty of different and distinct offenees, a joint indictment cannot be maintained. Whether offences be joint, or several, may be determined by aseertaining whether each offender be guilty, in some degree, same crime, so convicted, even though another was the actual perpetrator. if each may be so convicted, their guilt is joint; but otherwise it is several.
According to this test, the offences proved in this case, are several, and not joint.
But, for such offences — all being of the same kind, admitting of the same plea and the like judgment, and being subject to the same punishment in kind, even though in different degrees, — one indictment, charging the offenders severally, may be maintained against *244 all of them. First Amer. Ed. of Com. Dig. title Indictment F., and the notes by the Editor. 1 Chitty’s Crim. Law, 270-1.
The strictness of old times, is not now required in indiotments for misdemeanors and minor offences. The omission of terms mere ly technical is not material.
A judgment acquitting several «•lefts, charged with committing an offence jointly, will not barprosecutions against each one charged with part of the same offence separate ly committed by Mm.
It is said in the books, as argued by the counsel for the defendants, that an indictment against separate offenders should charge the offences to have been committed “ seperaliter,” unless there be a separate count for each distinct offence. But the verbal exactness and technical strictness of old times are not now requited, especially in indictments for misdemeanors and other minor offences. Common sense is now the common law in such cases, as well as in those which are purely civil.
If, in this case, the indictment, plainly import, according to the common sense construction,' a several, charge against each defendant, then it should be deemed as several, as if each defendant had been charged in a separate count-, and the omission of the word “ severally” or u separately” should hot be fatal or material.
But we cannot decide, that the charge in the indictment is several. On the contrary, though there may, we admit, be room for some doubt as to the true import of the count, in that particular, we are inclined to interpret the whole of it together, as charging the defendants with being jointly guilty of erecting three several obstructions on the road — one on the land of each of them.
And therefore, as the verdict, and judgment upon it? will not bar a several prosecution, the judgment must be affirmed.