## Case No. 15,910.

### UNITED STATES v. O'CALLAHAN.

[6 McLean, 596.] [1]

Circuit Court, N. D. Ohio. July Term, 1855.

INDICTMENT—JOINDER—OFFENCES OF SAME CLASS —COMMON LAW—STATUTE.

1. Offences of the same class may be included in the same indictment.

[Cited in U S. v. Brent, Case No. 14,640; U. S. v. Nye, 4 Fed. 891; Pointer v. U. S., 151 U. S. 401, 14 Sup. Ct. 412.]

[Cited in Hall v. State (Tex. Cr. App.) 24 S. W. 407; People v. Sweeney, 55 Mich. 588, 22 N. W. 51; State v. Smalley, 50 Vt. 741.]

2. Though offences of different classes may not be joined. This is the English rule.

[Cited in Ex parte Hibbs, 26 Fed. 427.]

3. Offences of the same class, under a statute and at common law in England, may be united in the same indictment.

4. But a late act of congress, requires offences which may be joined, to be included in the same indictment.

5. Offences committed by substantially the same act, it would seem, ought not to be punished as acts committed at different times and under circumstances wholly disconnected.

[Cited in Pointer v. U. S., 151 U. S. 401, 14 Sup. Ct. 412.]

[Cited in Hall v. State (Tex. Cr. App.) 24 S. W. 407.]

[This was an indictment against Timothy O'Callahan for passing counterfeit money. Heard on motion to quash.]

Mr. Morton, U. S. Dist. Atty.
Mr. Backus, for defendant.

OPINION OF THE COURT. The defendant's counsel move to quash this indictment, on the ground that it contains several charges of distinct offences. In point of law there is no objection to the insertion of several distinct felonies of the same degree, though committed at different times, in the same indictment against the same offender,

---

1 [Reported by Hon. John McLean, Circuit Justice.]

and it is no ground either of demurrer or arrest of judgment. Upon this ground it has been holden, that an indictment on 37 Geo. III. c. 70, may, without any repugnancy, charge the double act, that the defendant endeavored to incite a soldier to commit mutiny, and also to incite him in traitorous practices. Thus, too, in arson, counts at common law, and on the statute may be joined, without danger; a count for a robbery may be joined with another for stealing privately from the person; and burglary and theft, forcible entry and detainer, have been frequently united in the same proceeding. A count for embezzlement on 39 Geo. III. c. 35, may be joined with a count for a larceny on 2 Geo. II c. 25, because these offences are felonies; and a count for embezzling bank notes upon 39 Geo. II. c. 85, may be joined with a count for larceny at common law. 2 Hale, P. C. 173; 2 Leach, 1103; 12 Ward, Just. 425; 8 East, 41; 3 Term R. 2, 106; Croke, 6 c. 41; 8 Ward, Just. 211; 1 Bos. & P. 180; 2 Leach, 799; 1 Leach, 473; 2 East, P. C. 935, 936; 2 Leach, 1108; 3 Maule & S. 539. In Archb. Cr. Pl. pp. 55, 56, he says, if a defendant be charged with two or more offences in the same count of an indictment, the count will be bad for duplicity, except in one or two excepted cases. But he remarks, "as to charging a defendant with different offences in different counts, it admits of a different consideration." A defendant, he says, ought not to be charged with different felonies in different counts of an indictment; as for instance, a murder in one count, and a burglary in another.

But a late act of congress has a bearing upon this question and settles it. In the first section of the act "to regulate the fees and costs to be allowed clerks, marshals and attorneys of the circuit and district courts of the United States," &c. [10 Stat. 161], it is declared, "That whenever there are or shall be several charges against any person or persons for the same act, or transactions connected together, or for two or more acts or transactions of the same class of crimes or offences which may be properly joined, instead of having several indictments, the whole may be joined in one indictment, in separate counts; and if two or more indictments shall be found in such cases the court may order them consolidated."

The distinct offences, charged in the indictment before us, belong to the same class; it being a charge for passing counterfeit coin, purporting to be gold and silver pieces, at different times, and on different occasions. This may, perhaps, have been done to meet the proofs. But, however this may be, the act of congress referred to, with the view of saving costs, authorizes the charges as they are made; and if distinct indictments had been found, on the separate charges, the act of congress would authorize the court to consolidate them.

I should be extremely reluctant, where an offence was committed, under a law, in several distinct ways. by the same transactions, to hold the defendant punishable under each. This would be contrary, it seems to me, to the genius of our laws, and to the humanity which characterizes them. Still it must be admitted, where offences of the same class may be charged in the same indictment. committed at different times and under different circumstances, that the punishment, appropriate to each, must be inflicted. The motion to quash is overruled.

---

UNITED STATES v. The ODD FELLOW.
See Case No. 10,425.