# Quinn v. The State.

*Indictment for Trespass after Warning.*

1. *Indictment ; statement of term at which found.* — The failure of an indictment to specify on its face the term at which it was found, is not good matter of demurrer, when the defect is supplied by the caption prefixed to the record.

2. *Joinder of offences in indictment.* — Unlawfully breaking a fence or inclosure (Rev. Code, § 3735), and trespass after warning (Ib. § 3556), may be joined, in different counts, in one indictment.

3. *Presumption of dedication of land to public use.* — The presumption of the dedication of land to the public depends more on the owner's assent than on the length of time the user has continued ; and where the owner has frequently asserted his rights against the public, during a long continuance of the user, the court may properly refuse to instruct the jury that twenty-five years uninterrupted use of the land as a public thoroughfare amounted to a dedication.

FROM the City Court of Mobile.

Tried before the Hon. C. F. MOULTON.

JNO. H. GLENNON, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

B. F. SAFFOLD, J. — The appellant was convicted on an indictment charging her, in one count, with unlawfully breaking the fence of Mary E. Lude, under R. C. § 3735; and in another, with entering on the premises of Mary E. Lude after warning, under R. C. § 3556  The indictment contains in the margin the name of the State, county, and court, but the term is not more definitely expressed than by a statement of the year.  The omission in respect to the term is not supplied in the body.  A demurrer on the ground of this defect, and of a misjoinder of counts, was overruled.

1. The caption of an indictment is not that marginal statement of the State, county, court, and term found in No. 1 of the Forms of Indictments, on page 808 of the Revised Code. The caption there mentioned is nothing but a precedent for drafting an indictment.  The real caption is the heading of the record, which must show correctly the style of the court, the grand jurors, the venue, the term, &c., and it is no part of the indictment. 1 Archbold's Crim. Plead. 76 ; *State* v. *Murphy*, 9 Port. 487 ; *Harrington* v. *The State*, 36 Ala. 236. Section 4111 of the Revised Code refers to this, and in it, in the present case, we find a sufficient statement of the term, and the day on which the presentment was made.

2. The offences charged in different counts are of the same general nature, and subject to the same mode of trial and punishment, though with a slight difference in the extent or degree of the punishment.  It was permissible to include them in the indictment.  *Johnson* v. *The State*, 29 Ala. 62 ; Arch. Crim. Plead. 94.  The demurrer was properly overruled.

3. The conviction was for the trespass after warning ; and the real matter of defence was, that the premises were not the property of Mary E. Lude, but had been dedicated as a public highway or street.  The court refused to charge, in behalf of the defendant, that twenty-five years of uninterrupted use of the land as a public thoroughfare amounted to a dedication. It is not at all probable the jury would have found such uninterrupted use with the consent of those who had a right to object.  The land had been sold several times within the period, each vendor claiming and conveying it as his private property. The city had been attempting, since 1856, to buy it, in order to open a street, and had failed, because of disagreement about the price.  The present claimant had several times inclosed it, but the fence had been broken down by the city authorities. The tendency of the proof is decidedly towards a disregard of the claimant's rights of property on the part of the public, and especially of this defendant.  In *Sultzner* v. *The State* (43 Ala. 24), it was said that the presumption of dedication depended more on the assent of the owner than the length of time

[Eslava v. State.]

of the use ; and that time, no matter how long, cannot operate as a dedication, when the circumstances of the use do not indicate such an intention. There was no error in refusing the charge.

The judgment is affirmed.