JACKSON v. THE STATE.

Where two are charged in one count of the same indictment with a
    misdemeanor committed by disturbing a congregation of persons
    assembled for divine service, in order to convict both, the evidence
    of guilt must apply to one and the same transaction. Two separate
    and independent transactions on the same day at the same church
    will not support the indictment, one of the accused having dis-
    turbed the congregation at twelve o'clock, and the other at one
    o'clock, and there being no concert or connection between the two
    offenders.

July 8, 1891. By two Justices.

Criminal law. Interfering with religious worship.
Indictment. Evidence. Before Judge GOBER. Hous-
ton superior court. October term, 1890.

Jackson, Lane, Pattishall, and Haywood and Came-
ron. Glenn were jointly accused of disturbing a congre-
gation of persons lawfully assembled for divine service
at Green Grove Baptist church, Houston county, "by
cursing or using profane or obscene language, or by be-
ing intoxicated, or otherwise indecently acting." The
case was tried in the county court, and all of the defend-
ants pleaded not guilty. The two Glenns were granted a
severance; the other defendants were put on trial.
Jackson and Pattishall were found guilty, and Lane not
guilty. Jackson by *certiorari* alleged as follows : The
evidence failed to show that the congregation assembled
for divine service at Green Grove Baptist church were
disturbed and interrupted as set out in the accusation,
or that Jackson so interrupted and disturbed the con-
gregation ; Jackson was accused jointly with the others,
and the evidence failed to show that in any manner in
connection with or jointly with any or all of the others,
was any of the things charged in the accusation against
them done by the defendant, but the evidence showed
that if he did anything that interrupted and disturbed
the congregation, it was done by himself alone, not

jointly or in connection with either or all of the other defendants, but at a different time and place from any act or deed proved or charged against either, any or all of the defendants; the evidence showed that if he did any act to disturb the congregation, it was an act separate and distinct from that charged against him in the accusation, and for which he cannot be legally adjudged guilty under the accusation; and the verdict and judgment are contrary to law, evidence, etc. The *certiorari* was overruled, and Jackson excepted. The evidence introduced by the State in the county court was, in substance, as follows: A great many people were assembled at divine services at Green Grove Baptist church; the church was crowded, many being outside of the church standing near it and near the windows of the church to hear the sermon, and others were scattered around. About twelve o'clock, while preaching was going on, Jackson was standing about fifty-six steps from the church and a big crowd was around him. One Parker, who was not in the church but outside, having been appointed to keep order among those on the grounds, heard him cursing. Parker was near the church and did not see or hear Jackson until Parker's wife, who had been to the spring and had come back by Jackson, came to Parker and told him to go down and quiet Jackson. Parker went down where Jackson was, and heard him cursing terribly. Parker did not know whom he was cursing. The people were trying to get him off home. He cursed loud enough to be heard twice as far as the church, and disturbed the people in the church. Some of the people came out of the church and came down there. The people were going in and out of the church all the time. No one was then making any disturbance but Jackson. One of the deacons, who was sitting on the bench near the pulpit, heard Jackson cursing, and he testified that it disturbed the

v 87-28

congregation and some of them went out. About one o'clock and before the close of the services, this deacon heard Pattishall cursing. Pattishall was about ten steps from the door of the church, and as Haywood Glenn passed by with a plate, put his hand in the plate to take some of the provisions; Haywood spoke to him about it, and Pattishall cursed him. This cursing disturbed the congregation, several getting up and coming to the door and looking out to see what was the matter. What Jackson was cursing about was, that he had ridden one of Alfred Lane's mules from the spring to the church, and while he was sitting on the mule Alfred told him to go and tie it; he did not go right off, and Alfred untied one side of the bridle rein, which made Jackson mad and he cursed and told Alfred to show him where he wanted the mule tied and he would tie it; Alfred tied the rein again and went off, and Jackson rode the mule a few yards and tied it, got off the mule and went to cursing; he was not cursing any one, but was just mad and cursing. Alfred Lane was not present and made no disturbance. One of the State's witnesses testified that he was in the church on the seats near the pulpit and did not hear any disturbance.

R. N. HOLTZCLAW, by brief, for plaintiff in error.

W. H. FELTON, JR., solicitor-general, by brief, and W. C. DAVIS, contra.

SIMMONS Justice.

The facts will be found in the official report. The opinion of the court is fully set out in the head-note. For a full discussion of the principle announced, see the following authorities. Some of them go beyond what we think is the true law. Stevens v. State, 14 Ohio, 386 ; Elliott v. State, 26 Ala. 78; Lindsey v. State, 48 Ala. 169; Johnson v. State, 13 Ark. 684; Com. v. McChord, 2 Dana, 242; 1 Bishop Crim. Proc. §§470,

473; Wharton Crim. Pl. & Pr. §§302, 307, 315, 874; Lewellen v. State, 18 Tex. 538; Com. v. Cobb, 14 Gray, 57; 1 Bishop Cr. L. §802; Rex v. Messingham, 1 Moody Cr. Cas. 257; Reg. v. Dovey, 2 Eng. L. & Eq. 532; Reg. v. Barber, 1 C. & K. 442; Rex v. Hempstead, 1 Rus. & Ry. 343; 2 Roscoe Crim. Ev. *916 *et seq.;* 1 Chitty Crim. L. *270.            *Judgment reversed.*