### ALICE HALL v. THE STATE.

*No. 696. Decided December 20.*

**1. Disorderly House — Indictment— Separate Counts and Separate Convictions.—**In an indictment for keeping a disorderly house, where a conviction is desired for each day the house is so kept, each day may be alleged in a separate count in the indictment, and a conviction may be had upon each count on the same trial. Simkins, J., dissenting.

**2. Same—Evidence — Harmless Error— Practice on Appeal.—**On a trial for keeping a disorderly house, the admission of incompetent evidence as to ownership of the house will not necessitate a reversal on appeal, where other legitimate evidence overwhelmingly proves the possession and ownership of defendant.

APPEAL from the County Court of Lamar. Tried below before Hon. JOHN W. ROUNTREE, County Judge.

This appeal is from a conviction for keeping a disorderly house, the punishment assessed being a pecuniary fine of $200.

No statement of the case necessary.

*J. M. Long, J. R. G. Long,* and *E. W. Fagan,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.—1. Appellant contends, that the State should show the title of the property to be in the accused. It is not believed that the Legislature intended to try the title

to real estate in such cases, or to go into the question of ownership. It is sufficient to show that the person is not the tenant or lessee, but is keeping the disorderly house, pretending and claiming to be the owner. General reputation of ownership is sufficient. Assertion of ownership is sufficient, and proof of this is enough. Any other rule in this criminal proceeding would be a farce; for the keeper might think herself owner, and find that she had no title; or vice versa, she might find that she had a title that she knew not of. All the testimony tending to show ownership was competent and sufficient, and the bills were not well taken. Penal Code, arts. 339, 341, 341a; Willson's Crim. Stats., sec. 537; Lamar v. The State, 30 Texas Cr. App., 693.

2. The main charge sufficiently submitted the question in regard to ownership, and the special charge should not have been given.

DAVIDSON, JUDGE.—Appellant was indicted under article 341, Penal Code, as amended by the Act of 1889, page 33, for keeping a disorderly house. On the trial, the State was permitted to introduce in evidence affidavits made before the assessor and collector of taxes of Lamar County and the city of Paris, in which appellant swore that she was the owner of the premises on which the house of prostitution was kept. The substance of the objections urged is, that appellant, not having been shown to be the party who signed the affidavit, was not bound thereby, and they did not tend to prove ownership in her. Conceding, for the argument, this position to be well taken, and the testimony incompetent, "it does not follow that the judgment must of necessity be reversed, for it is not every error of this sort, namely, the admission of incompetent evidence, which works a reversal of the judgment." Malcolmson v. The State, 25 Texas Cr. App., 267. When we look to other evidence in the case, we find that her possession and ownership of the premises is overwhelmingly proved, and leaves it unquestioned that she occupied, controlled, and exercised ownership over the house.

It is contended the court erred in not charging the jury that each day the house was kept as a disorderly house was a separate offense. Under this form of indictment the charge, as given, is correct, and the omission complained of is not error. That phase of the statute should not have been given in this case. Where a conviction is desired for each day, the pleader may allege the different days in separate counts in the same indictment, and obtain a conviction upon each count upon the same trial, if the proof sustain the allegations. Under such an indictment, if the proof is confined to the named day, and the accused kept the house on each day alleged, a conviction can be had for each day so kept, and a conviction be had on each count on the same trial. We find no error, and the judgment is affirmed.

*Affirmed.*

SIMKINS, JUDGE.—While concurring in the conclusion reached, I dissent from so much of the opinion as holds that the State may group in one indictment, by means of counts, any number of misdemeanors, and place the defendant upon trial for them.   Whatever it may be in other States and jurisdictions, such has never been the practice in Texas, and I can see no reason for the proposed departure.

HURT, PRESIDING JUDGE.—In support of the proposition contained in Judge DAVIDSON's opinion, that under proper indictment the accused can (on the same trial) be convicted for each day's violation of the statute, I submit the following authorities:   1 Bish. Crim. Proc., sec. 452; Kane v. The People, 8 Wend., 203; Commonwealth v. McChord, 2 Dana, 242; Stone v. The State, 20 N. J. Law, 404; The People v. Costello, 1 Denio, 83; The People v. Gates, 13 Wend., 311; The State v. Kibby, 7 Mo., 317; United States v. O'Callahan, 6 McLean, 596; Orr v. The State, 18 Ark., 540; Covy v. The State, 4 Port. (Ala.), 186; The State v. Bitting, 13 Iowa, 600; The State v. Gummer, 22 Wis., 441; United States v. Devlin, 6 Blatch., 71; Regina v. Davies, 5 Cox Crim. Cases, 328; Kroer v. The People, 78 Ill., 294; Quinn v. The State, 49 Ala., 353; Waddell v. The State, 1 Texas Cr. App., 720; Barnes v. The State, 19 Vt., 398; Commonwealth v. Tuttle, 12 Bush., 505; State v. Adrian, 1 Mich., 495; The State v. Croteau, 23 Vt., 14; Mullinix v. The People, 76 Ill., 211.