### ALEX. WITHERSPOON v. THE STATE.

No. 1414. Decided March 16, 1898.

**1. Selling Liquor Without License—Indictment—Duplicity.**

An indictment for selling liquor without license is not duplicitous which contains two counts, one for selling without license and one for failing to post up his license as required by law. Following Hall v. State, 32 Texas Crim. Rep., 474.

**2. Signing Name of Foreman to Indictment.**

It is not error to permit the county attorney to sign the name of the foreman of the grand jury to the indictment. It was immaterial whether the indictment was or was not signed by the foreman.

**3. Argument of Counsel.**

The county attorney has the right to comment in argument upon any testimony adduced on the trial.

**4. Evidence—Order of Commissioners Court Levying Occupation Tax.**

On a trial for selling liquor without license, it is competent to introduce in evidence the order of the commissioners court levying an occupation tax upon occu-

39th Crim. Rep.—5

pations made taxable by law. And a general order is sufficient without specifying in the order each and every occupation upon which they levied the tax.

### 5. Bill of Exceptions to Testimony.

A bill of exceptions to admitted testimony, to be sufficient, must set out the objections urged to the testimony; all objections not set out are deemed waived, and the court, on appeal, will not supply grounds of objection not stated.

### 6. Special Instructions.

It is not error to refuse special requested instructions of defendant where such instructions were unfavorable to the defendant and not pertinent to the issues of the case as submitted to the jury.

### 7. Selling Liquor Without License—Evidence—Charge.

On a trial for selling liquor without license, where the testimony showed that defendant was engaged in selling, in the habit of selling, sold to many persons, and also many times to the same person, the court properly refused to instruct the jury that proof of a single sale was not sufficient to show that defendant was engaged in selling intoxicants.

### 8. Same—Selling as Agent of Another.

On a trial for selling liquor without license, it is no defense that defendant, who was selling in one county, is the agent of a party who has taken out license and is engaged in the business in another county. Defendant is required to take notice that his employer has license in the county in which defendant is selling as his agent.

#### ON MOTION FOR REHEARING.

### 9. Selling Liquor Without License—Sufficiency of Evidence.

On a trial for selling liquor without license, where the commissioners court levied the occupation tax on the 10th of February, 1896, evidence is insufficient which fails to show a sale in 1896, subsequent to the levy, and also fails to show that the commissioners court had ever levied any occupation tax for the year 1895. If the sales occurred, which might have been the case, prior to February 10, 1896, then there could have been no violation of the law so far as the record discloses.

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for selling liquor without first having paid the occupation tax and obtaining a license; penalty, a fine of $450.

The charging part of the first count in the indictment reads as follows, to wit: "That Alex. Witherspoon, on or about the 1st day of November, 1896, and anterior to the presentment of this indictment in the county and State aforesaid, did unlawfully engage in the sale of spirituous, vinous, and malt liquors in quantities of one gallon and less than one gallon, and did pursue and follow the occupation of a dealer in spirituous, vinous, and malt liquors in quantities of one gallon and less than one gallon, the said engaging in the sale aforesaid and pursuing and following said occupation being taxable and taxed by law, without first obtaining a license therefor, and the tax then and there due by him to the said State upon said occupation and engaging in the sale aforesaid amounted to $300, and the tax due by him to the said Ellis County, upon said occupation and engaging in the sale aforesaid, amounted to $150, the said last named tax so due having been theretofore duly levied by the Commissioners Court of said Ellis County, Texas," etc.

The order of the Commissioners Court was as follows: "Occupation tax levy of and for year 1896, February 10, 1896.—It is ordered by the

court that there be levied and collected a county occupation tax for the year 1896 upon each and every occupation on which a tax is levied by the State, and the amount of said county occupation tax shall be one-half of the amount levied by the State on each and every respective occupation."

*T. P. Whipple* and *Russell & Callaway,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of engaging in the sale of intoxicating liquors in Ellis County without first having obtained a license therefor. The indictment charged him in the second count with failing to post up his license as required by law. On the trial the court submitted the first count only, which charged the offense of which appellant was convicted. Motion was made to quash the indictment, "because it was duplicitous, in charging different and distinct offenses against the law, when the facts to sustain one would be sufficient to convict the defendant of both or either of said offenses, and because the indictment is not the act of the grand jury, because not signed by the foreman." The statute expressly provides that it is not necessary for the foreman of the grand jury to sign the bill of indictment; and we fail to comprehend how an indictment can be duplicitous when it charges two offenses in different counts in a misdemeanor case. As above stated, the indictment in the first count charged defendant with engaging in selling intoxicants, and in the second count with failing to post up his license as required by law. It was not error to charge these different offenses as they were charged in this indictment. See Hall v. State, 32 Texas Crim. Rep., 474.

Nor was there any error in permitting the county attorney to sign the name of the foreman of the grand jury to the indictment. It did not affect the indictment one way or the other. It was wholly immaterial whether the indictment was or was not signed, for it is expressly so provided by the statute.

Some remarks were made by the assistant county attorney in regard to the testimony of one of the witnesses, who stated that defendant threatened to kill any one "who would give him away" in reference to illegal sales of whisky. The testimony was in the record, and the county attorney had the right to comment upon it.

There was no error in the action of the court permitting the county attorney to introduce the order of the Commissioners Court levying an occupation tax upon such occupations as were made taxable by the statute. We do not think it was necessary for the Commissioners Court to specify in said order each and every taxable occupation upon which they levied the tax. The general order was sufficient.

Defendant objected to the court permitting the witness Bacon to testify that he had bought whisky of the defendant twenty or thirty times

during the last two years. The bill does not state what objections were urged to this testimony; and the rule is well settled that all objections not stated in the bill are waived, and the court is not permitted to supply grounds of objection for the party objecting.

The defendant requested the court to charge the jury that if they believed that the defendant failed to post his license, as required by law, in a conspicuous place in his business house, they would find the defendant guilty; and the court refused to give such charge, whereupon the defendant excepted. Just why this instruction was requested is not apparent to the court. We can understand why the prosecution might have requested or desired it. The court had limited the consideration of the jury to the first count of the indictment, but he might, under the authority of Hall v. State, supra, have submitted this second count as well, and the jury could have returned a verdict of guilty under both counts. This, certainly, was favorable to the defendant.

Appellant asked the court to instruct the jury that proof that he made a single sale is not sufficient to show that he was engaged in selling intoxicants. This charge was properly refused. The testimony shows that he was in the habit of selling; that he was engaged in the selling, and sold, to many persons, and twenty or thirty times to one single witness. He also requested the court to instruct the jury, if they believed from the evidence that he sold whisky to Bacon and others, but that such sales were made as the agent or employe of one Sam Freshman, and not for himself, to find the defendant not guilty. This is the reverse of the law. The evidence shows that Sam Freshman lived in Dallas; and if Freshman paid occupation taxes and took out his license in Dallas County, this did not authorize him to engage in that business in Ellis County; and defendant is required to take notice of the fact that his employer has license to sell at the place where he engages in the business. The decisions, so far as we are informed, are uniform on this question. We think the evidence in the case fully supports the conviction, and the judgment is affirmed.

*Affirmed.*

MOTION FOR REHEARING BY RUSSELL & CALLAWAY, FOR APPELLANT.

Now comes Alex. Witherspoon, appellant, and moves the court to grant him a rehearing in this cause, which was affirmed on Wednesday, February 2, 1898, and for grounds of motion says as follows:

First. The court erred in affirming the judgment of this cause for the reason that the indictment is insufficient to sustain said judgment— in this, it does not affirmatively show or allege that appellant pursued the occupation named therein without first having paid the tax.

Second. The court erred in affirming such judgment for the further reason, that the evidence fails to show that any sales of any kind of liquor were made after the County Court of Ellis County had levied the occupation taxes for said county. Again, there is nothing in the record

that shows or indicates that there was a levy of county occupation taxes or other occupation tax for the preceding year. The testimony as to sales of liquor by appellant is that it was done in the year 1896. No date is given, and it fails to show whether it was in 1896 prior or subsequent to the levy by the Commissioners Court of the occupation taxes for the county.

It is incumbent on the State to prove, first, that sales were made; second, that the County Commissioners Court had levied an occupation tax; and third, that such sales were made subsequent to the levy. It is a matter of affirmative proof. Pettaway v. State, 36 Texas Crim. Rep., 97.

### ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—The judgment in this case was affirmed at a former day of this term. A motion for rehearing has been filed, calling our attention to the fact that the evidence does not show with sufficient certainty that the offense was shown to have occurred subsequent to the levy by the County Commissioners Court of occupation taxes for the year 1896. Said County Commissioners Court levied a tax upon occupations for the year 1896 on the 10th day of February, 1896. The evidence shows that appellant sold whisky without license several times during the year 1896. Further than this, there is no identification of any sale made by him. Whether it occurred prior to the 10th day of February, 1896, or subsequent, is not shown. Nor was any evidence introduced to show that for the year 1895 said Commissioners Court had levied occupation taxes. These several sales referred to by the witness may, and could, have occurred prior to the 10th of February, the time of the levy of said occupation taxes. If so, under this record, there could have been no violation of the law. The indictment alleges that the occupation taxes had been levied, thus constituting it an element in the offense as to the amount of punishment. We are not authorized to indulge the presumption against the defendant that the sales occurred subsequent to February, 1896. The proof could have been made by the witnesses who testified on the trial. It occurs to us that this is fatal to the conviction. See Petteway v. State, 36 Texas Crim. Rep., 97; Zollicoffer v. State (Texas Crim. App.), 43 S. W. Rep., 992. The motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Motion granted. Reversed and remanded.*