## O. F. GOULD v. THE STATE.

### No. 1559.  Decided May 8, 1912.

**1.—Sunday Law—Precedent.**

Where, upon appeal from a conviction of a violation of the Sunday Law, the questions raised were decided adversely to appellant in a companion case, there was no error.

**2.—Same—Indictment—Separate and Distinct Offenses—Pleading—Election by State.**

Where, upon trial of a violation of the Sunday Law, the indictment alleged five separate and distinct counts charging a violation of the Sunday law on five separate and distinct Sundays, and containing allegations that defendant had theretofore been convicted for similar offenses in the Corporation Court of the City of Dallas, the same was sufficient and proper pleading, and the State was not required to elect.

**3.—Same—Verdict—Correction by Court.**

Upon trial of a violation of the Sunday law, there was no error in correcting the verdict of the jury in the presence of and by the assent of the jury.

**4.—Same—Invited Error—Charge of Court.**

Where, upon trial of a violation of the Sunday law, the court submitted the law in accordance with the statute under the pleading and as requested by the defendant, there was no error.

**5.—Same—Former Convictions—Charge of Court.**

Where the indictment charged former conviction of the Sunday law and the evidence sustained said allegation, the court properly charged that said former conviction could not be considered in passing upon the guilt of the defendant, but only to fix his penalty, there was no error.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the Sunday law, the indictment was sufficient and the evidence sustained it to which the court properly applied the law, there was no error.  Davidson, Presiding Judge, dissenting.

Appeal from the County Court of Dallas County at Law.  Tried below before the Hon. W. F. Whitehurst.

Appeal from a violation of the Sunday law; penalty, an aggregate fine of $750.

The opinion states the case.

*Walker & Williams,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was convicted for violating the Sunday law in five separate and distinct counts, charging respectively a violation of said law on February 26, March 19, March 26, April 2, and April 9, 1911, each of said days being Sunday, and the penalty assessed by the jury was the highest permitted by law, respectively, as follows: For the first of said dates $100; the second $50, and each of the other three $200.

Under each of the said separate "counts" there were additional paragraphs, called in the papers counts, charging that theretofore appellant had been convicted for similar offenses for a violation of said law, giving the full data in the indictment thereabout. Under the first of the above dates only one additional violation was proven; under the second none, and under the other three, each, two additional similar offenses were proven.

This is a companion case to Nos. 1557 and 1558 against the same appellant, decided by this court on March 27, 1912. The main questions that were decided in those cases are also raised in this, and they are the main questions in this. There is no use to state them, nor to discuss them, as the other cases are decisive of those points.

However, there are some questions in this case that are not raised in the other cases that are necessary to be decided.

The first of these is that the indictment in this case is invalid because it charges separate and distinct offenses in the same indictment. This question is nowhere and in no way raised by the appellant in either this court or the lower court, but the Assistant Attorney-General raises and briefs it for the appellant—not the State—urging that the case must be reversed because the indictment has the five separate and distinct counts charging five separate and distinct offenses. We presume that the appellant's able attorneys did not raise the question in either this or the lower court, because it was too well settled against him. Mr. Bishop, in his New Criminal Procedure, vol. 1, sec. 452, says:

"By the practice everywhere, distinct misdemeanors may be joined in separate counts of one indictment, to be followed by one trial for all, and by conviction for each, the same as though all were charged in separate indictments . . ." Again, in section 458 of the same work, subdivision 2, he says: "Commonly in misdemeanors, though not quite without exception, two or more congruous offenses may be charged in different counts, and punished substantially the same as though they were different indictments. In the famous Tweed's case, the right of such joinder was almost denied; the court deeming it unjust to require a man to answer to more than one offense—which, however, may be set out in different forms in more counts than one— on a single trial. But the doctrine of the English and most American courts is the direct reverse of this; namely, that if a man has been engaged in a course of unlawful conduct resulting in a hundred legally distinct, petty offenses, and the executive officers of the gov-

ernment have determined to exercise their right, not controllable by the judiciary, to bring him to trial for all, it is a piece of sheer oppression to him to compel them to find against him a hundred indictments, and require him to stand his trial a hundred times, instead of answering to all at once. Moreover, on broader views, some deem, the author submits rightly, that the joining in proper cases of distinct misdemeanors in one indictment, their trial at one hearing before the petit jury, and the punishing of each as though on a separate indictment, are essential to the administration of real justice— in some cases essential as protecting the accused from the overburden of needless trials, in others as saving the courts from being blocked by them to the utter suspension of public justice. So plain is all this, that by many of the judges, even the authority to compel an election of counts in misdemeanor is denied, while others say that, in practice, it. 'is never done.' "

This doctrine has so uniformly been adhered to and, we think, so well established by the uniform decisions of this court that it is useless to discuss it. Hall v. State, 32 Texas Crim. Rep., 474; Dancy v. State, 35 Texas Crim., 615; Scales v. State, 46 Texas Crim. Rep., 296; Witherspoon v. State, 39 Texas Crim. Rep., 65; Waddell v. State, 1 Texas Crim. App., 720; Gage v. State, 9 Texas Crim. App., 259; Alexander v. State, 27 Texas Crim. App., 533; Weathersby v. State, 1 Texas Crim. App., 643; Wilson v. State, 61 Texas Crim. Rep., 628, 136 S. W., 447; Tucker v. State, 145 S. W., 611.

It is also the well settled law of this State that in misdemeanors the State can not be required to elect. No election was in any way sought or urged by the appellant in this case. Stebbins v. State, 31 Texas Crim. Rep., 294; Thompson v. State, 32 Texas Crim. Rep., 265; Bradshaw v. State, 32 Texas Crim. Rep., 381; Timon v. State, 34 Texas Crim. Rep., 363; Street v. State, 7 Texas Crim. App., 5; Brown v. State, 38 Texas Crim. Rep., 597; Day v. State, 14 Texas Crim. App., 26.

Another question necessary to be noticed is appellant's claim, shown by his bill of exceptions to the manner in which the verdict was received by the court. The bill shows that after the jury had been out considering the case for some time, they returned into court with a verdict finding the appellant guilty on each of the said five separate counts for said several dates and assessing his penalty in the first two of them at a greater amount than was authorized by the law, or the charge of the court and fixing to the others a less amount than when they brought in the verdict the last time. When this verdict was brought in, the court refused to receive it as to any of the counts and sent the jury back to reconsider their verdict; the court calling their attention to the fact that on said first count no greater fine could be given than $100, and on the next no greater fine could be given than $50, then saying nothing about any of the other counts. All this was done over defendant's objections. After the jury retired

and again considered their verdict they returned into court with an-other verdict, fixing the penalty respectively, as stated in the state-ment of the case above. On the first count, called in the verdict, charge, etc., "counts Nos. 1 and 2," the verdict was as follows: "We, the jury, find the defendant guilty as charged on counts Nos. 1 and 2, one hundred dollars." The verdict of each of the other counts was the same as this, except in the second, as stated above, it was $50, and each of the other three, $200. The court then called attention of the jury that the verdict was still not full enough and with their permission at the time inserted in each these words, "and assess his fine at," so that the verdict of the jury then was on the one above quoted: "We, the jury, find the defendant guilty as charged on counts Nos. 1 and 2, and assess his fine at one hundred dollars," and the court then received the verdict. Clearly there was no error by the court in any of this. The statutes and the decisions, in effect, require the court to have the jury correct its verdict, as was done in this case. Articles 773 and 774, C. C. P., and cases collated in section 913, p. 582, of White's C. C. P.

There was no reversible error by the court, in his charge, quoting the last clause of article 199, Penal Code (old), because when he submitted the questions to the jury for finding it was strictly sub-mitted in accordance with the other part of the statute and in accord-ance with the indictment itself and the evidence. Besides the court, in quoting that part of the statute, merely followed precisely what appellant requested in his special charge No. 7. He certainly can not complain of the court doing what he requested should be done.

Neither did the court err in charging in effect that the proof of former convictions of the defendant could not be considered by the jury in passing upon his guilt or innocence of the charge alleged against him in this case, but could only be considered in fixing the penalty. In accordance with the allegations of the indictment in order to properly fix the penalty, the jury could assess, it became necessary for the State to prove that the appellant had theretofore been convicted of other violations of the same law as alleged. Section 366, Branch's Criminal Law.

Notwithstanding the brief of the Assistant Attorney-General for the appellant in this case, which he concludes with this language: "It seems to us that this case is subject to but one final conclusion in this court, and that is its reversal," we are constrained, under our duty, as we see it, to affirm this case.

*Affirmed.*

DAVIDSON, Presiding Judge.—I think this case ought to be reversed. Having written heretofore, I deem it only necessary to enter my nonconcurrence.