## Loyd Burnett v. The State.

### No. 8147. Decided April 2, 1924.

**1.—Election Law—Agreement of Counsel.**

Where counsel agreed upon a statement of facts duly approved, and agreed that the testimony was sufficient to support the conviction and simply submitted matters of law to this court, such document will be considered by this court.

**2.—Same—Information.**

It was no valid objection to the information that in separate counts the same charged different violations of the statute. Following: Witherspoon v. State, 39 Texas Crim. Rep., 65.

**3.—Same—Information—Foreign Language.**

The information was not defective for failing to allege what language was used by defendant in aiding the voter, instead of using the English language, and the evidence being sufficient to sustain the conviction there is no reversible error.

Appeal from the County Court of Willacy. Tried below before the Honorable W. E. McCarren.

Appeal tfrom a conviction of violation of election law; penalty, a fine of $201.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Willacy County of violating the election law, and his punishment fixed at a fine of $201.

There appears in the record an agreement signed and approved with all the formalities required of a statement of facts, from which we learn that it was agreed by the attorneys representing the State and the appellant, and approved by the learned trial judge, that the facts in testimony were sufficient to support the verdict of guilt.

Article 258 of our Penal Code as amended by the Regular Session of the Thirty-sixth Legislature, Chapter 55, forbids any officer at an

election held in this State to render aid to a voter in making out his ballot in any other than the English language, and provides appropriate penalties. It was no valid objection to the information herein that in separate counts same charged different violations of said statute, of kindred character, same being misdemeanors. Witherspoon v. State, 39 Texas Crim. Rep., 65; Gould v. State, 66 Texas Crim. Rep., 421, 147 S. W. Rep., 247.

We do not think the information defective for failure to allege what language was used by appellant in aiding the voter. The statute penalizes him if he aid any voter in a language other than the English language, and the information advised the accused that at a particular time and place he aided a named voter in making out his ballot and that in so doing he used language other than the English language. The object of this law is evidently to prevent fraud in elections. The judges, officers and citizens of this State generally should know the English language and, therefore, should know what was being said by any particular officer to a voter offering to vote and desiring assistance in making out his ballot, but such other officers might not know the language used in so aiding, if it be a foreign language. To require that the information or indictment should plead, and the proof show, what other language was used, would not aid the accused and would not more specifically point out the offense committed, and such requirement might seriously hamper the enforcement of the law and practically render it ineffective.

Being of opinion that no error appears in the record, an affirmance must be ordered.

' *Affirmed.*