## B. C. FULLER V. THE STATE.

No. 11093.   Delivered November 2, 1927.

Rehearing granted January 25, 1928.

**1.—Accepting a Bribe—Bills of Exception—Not Properly Preserved—No Error Shown.**

Where appellant brings forward four bills of exception complaining of matters which were first presented in the trial court in his motion for a new trial, such bills cannot be considered. Errors, to be reviewed on appeal, must be preserved by exceptions taken at the time they occur on the trial.

### ON REHEARING.

**2.—Same—Variance—Between Allegation and Proof—Fatal.**

Where, under a charge of accepting a bribe, the indictment alleges that there was pending against prosecuting witness a complaint charging him with an offense of the grade of felony in Justice Court, Precinct No. 6, of Callahan County, and the proof showed a complaint pending in the justice court at "Cross Plains, Texas." No evidence having been introduced to show that "Cross Plains, Texas," was in Justice Precinct No. 6 of Callahan County, the variance is fatal, and the motion for rehearing is granted, and the cause reversed and remanded. Following Lerma v. State, 194 S. W. 167, and other cases cited in opinion on rehearing.

Appeal from the District Court of Callahan County. Tried below before the Hon. M. S. Long, Judge.

Appeal from a conviction for accepting a bribe, penalty two years in the penitentiary.

The opinion states the case.

*B. C. Fuller* of Woodville, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for accepting a bribe, punishment two years in the penitentiary.

Appellant was Assistant County Attorney of Callahan County. He brought about the arrest of one Dilliard in the justice court upon complaints charging him with the unlawful sale of intoxicating liquor. Thereafter, according to the testimony of Dilliard and his wife, appellant came to Dilliard's home at a late hour in the night and offered to have the case against him dismissed and finally settled upon the payment of one hundred dollars, which amount he later reduced to fifty dollars. Dilliard agreed to pay fifty dollars. He and his wife testified that they later got the fifty dollars which Dilliard took to Baird and delivered to appellant. There was no further prosecution of Dilliard.

Appellant defended upon the proposition that after having brought about the arrest of Dilliard, he concluded that he would

let him plead guilty to vagrancy in settlement of the felony charge, and that he made the trip to Dilliard's house and told him that if he would pay him fifty dollars he would enter pleas of guilty in vagrancy charges and allow the liquor selling charge to be thus settled. He admitted that he never made any vagrancy charges against Dilliard. He admitted the reception of the money from Dilliard.

There were no exceptions to the charge of the court. While there appear in this record what are called bills of exception, four in number, same appear to be complaints based entirely on errors complained of in the motion for new trial. We cannot consider complaints of the charge of the court raised for the first time in the motion for new trial, nor those directed at the form of the indictment, when for the first time called to the attention of the trial court in connection with an effort to secure a new trial; nor to complaints of the argument of the State's Attorney when presented for the first time in the motion for new trial. These are the matters embraced in the so-called bills of exception.

We think the testimony of the witness Dilliard fully corroborated both by that of his wife and others, also of appellant himself who took the witness stand and admitted substantially all of the facts testified to by Dilliard.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the indictment it is charged that

" * * * there was then and there a legal complaint pending in Justice Court, Precinct No. 6, Callahan County, Texas, charging Bud Dilliard with an offense of the grade of felony."

It is further charged in substance that Dilliard gave the appellant fifty dollars in consideration of which he promised to bring about the dismissal of the cases pending against Dilliard and secure his release from his appearance bond.

The court instructed the jury in accord with the indictment, namely, that if they believed that there was pending in the Justice Court, Precinct No. 6, Callahan County, a complaint charging Bud Dilliard with an offense of the grade of felony and that Dilliard was under bond for the appearance before the District Court of Callahan County to await the action of the grand jury, etc. In our examination of the record, we have failed to discover any proof that there was filed in the Justice

Court, Precinct No. 6, of Callahan County, the complaint charged in the indictment. The only testimony on the subject is that there was a complaint filed against Dilliard in the justice court at "Cross Plains, Texas." Touching the county or precinct in which Cross Plains is situated, the record is silent. There is no testimony, and this court has no judicial knowledge of the county or precinct in which Cross Plains is located. The state having failed to prove the fact essential to the conviction, the judgment must be reversed. Cases in point are: Lerma v. State, 194 S. W. 167; Fields v. State, 24 S. W. 407; Latham v. State, 19 Tex. Crim. App. 305; Vivian v. State, 16 Tex. Crim. App. 262; Cain v. State, 25 S. W. 1119.

For the reason stated, the motion for rehearing is granted, the affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*