(No. 2314. Sept. 27, 1919.)
## STATE v. WILSON.

### SYLLABUS BY THE COURT.

1. Where the verdict of the jury is supported by substantial evidence, it will not be disturbed upon appeal. P. 441

2.   The state in a prosecution is not compelled to elect which one of the two or more offenses it seeks to convict the defendant of, where the evidence does not disclose separate and distinct transactions.                                P. 441

3.   The court should not direct a verdict of acquittal where there is any substantial evidence to support, or tending to support, the charge.                                        P. 442

Appeal from District Court, Chaves County; McClure, Judge.

Ross Wilson was convicted of larceny, his motion for a new trial was denied, and he was sentenced, and from the conviction and sentence he appeals.   Affirmed.

L. O. FULLEN, of Roswell, for appellant.

N. D. MEYER, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT.

RAYNOLDS, J.   Appellant was convicted for the larceny of a calf.   After denial of a motion for a new trial appellant was sentenced by the court to serve a term in the penitentiary from one year to eighteen months.   From the conviction and the sentence imposed thereon he appeals to this court and assigns as errors for reversal the following:

(1)  That there was no substantial evidence to support the verdict.

(2)   That the court erred in refusing to grant appellant's motion for a directed verdict of not guilty at the conclusion of the state's evidence in chief.

(3)   That the court erred in refusing to grant appellant's motion, at the conclusion of the state's evidence in chief, requiring the prosecution to elect which one of the two animals the alleged larceny of which the state intended to rely for a conviction, the testimony showing two distinct animals, and the indictment alleging the larceny of one only.

[1] In regard to the first assignment, we have read the record carefully, and it appears therefrom that on the state's case in chief the complaining witness testified she owned two calves, kept them in a pasture near her house, and they were branded with her brand; that on a certain day they were missing, and she found them 40 miles away in the defendant's pasture newly branded with his brand and earmark; that he agreed to give her two other cows for them; that the second day after finding them in his pasture she returned to get them and they had disappeared. She then had the defendant arrested. This evidence was corroborated in part by her son as to finding and identifying the animals, and by two other witnesses who testified as to her ownership of the calves in question, and the fact that defendant had moved his cattle to his pasture about the time her calves had been missed by her. There was evidence in conflict with that of the complaining witness introduced by the defense, and also further evidence in rebuttal by the state.

We believe the first assignment of error is not well taken. As was said in Territory v. De Gutman, 8 N. M. 92, at page 95, 42 Pac. 68, 69:

"The main point contended for is that the evidence of itself and in itself is insufficient in law to warrant the conviction. We have carefully read and considered the evidence, and think it fully and sufficiently sustains the verdict. The jury passed upon the conflicting testimony, and determined where the weight and credit lay. Their verdict cannot be disturbed on appeal. Territory v. Webb, 2 N. M. 154; Territory v. Trujillo, 7 N. M. 43 [32 Pac. 154]."

[2] The evidence set out above was given by the witnesses for the prosecution in the state's case in chief, and we hold that it was not an error for the trial court to refuse to grant appellant's motion to direct a verdict of not guilty at the close of the state's case in chief. There was substantial evidence in this case that the crime as charged under the allegations of the indictment had been committed, and the court properly submitted the case to the jury.

[3] "As a general rule the court should not direct a verdict of acquittal where there is any evidence to support, or reasonably tending to support, the charge." 16 C. J., Criminal Law, p. 936, par. 2299.

Appellant contends that the court should have compelled the state to elect, at the conclusion of the evidence in chief, as to which of the two animals the appellant was charged with having stolen.

"But the principle of election is applicable only where there is evidence of separate and distinct transactions; otherwise, an election will not be required." 16 C. J., Criminal Law, p. 861, par. 2169.

Finding no error in the record, the judgment of the lower court is affirmed, and it is so ordered.

PARKER, C. J. and ROBERTS, J., concur.