242 P.2d 996

**STATE v. BREWER.**

No. 5480.

Supreme Court of New Mexico.

April 7, 1952.

Smith & Smith, Clovis, for appellant.

Joe L. Martinez, Atty. Gen., Hilario Rubio, Asst. Atty. Gen., for appellee.

SADLER, Justice.

The defendant appeals from a judgment which was entered on verdicts of guilty on each of two counts contained in an information filed against him in Curry County. Omitting the formal parts, the separate counts in the information charged:

"Count One: That Felton Brewer was the owner or possessor of gambling materials in violation of Section 41–2202 of the New Mexico Statutes 1941 Annotated.

"Count Two: That Felton Brewer had alcoholic liquor in his possession for the purpose of sale without having a license so to do."

The sentence on Count One was to pay a $500 fine and court costs. He was given a suspended sentence of seven months in the county jail on the second count. He prosecutes this appeal assigning as the sole error the trial court's failure and refusal to grant a severance and give him a separate trial of the charge contained in each count. If error it was, there can be no doubt but that it has been preserved below in every fashion which could suggest itself to minds of his astute counsel, including a motion to require the state to elect. Hence, it will be unnecessary to trace the objections made, step by step, throughout the record.

It seems to be admitted both by the state and the defense that the precise question before us has not been determined by any prior decision of this court. The two cases nearest in point are State v. Jones, 39 N. M. 395, 48 P.2d 403, and State v. Turney, 41 N.M. 150, 65 P.2d 869. Neither one is exactly in point for the reason that, al-

though tried on two counts, the defendant in each case was acquitted on one. Hence, we held prejudicial error was not shown. Nevertheless, it is interesting to note that, if the position of defendant in the case at bar be correct, the evidence introduced by the state supporting the count as to which an acquittal occurred would have constituted sufficient prejudice to support a reversal as to the count on which, in each case, the defendant was held guilty. To that extent, at least, the state may draw some comfort from these cases.

Our statutory law has this to say touching the question at issue (1941 Comp. § 42–638), to-wit:

"(1)   No indictment or information shall be invalid or insufficient for any one (1) or more of the following defects merely:

"(a)   That there is a misjoinder of the parties defendant.

"(b)   That there is a misjoinder of the offenses charged.

"(c)   That there is duplicity therein.

"(d)   That any uncertainty exists therein, provided it charges an offense in accordance with section 42–607.

"(2)   If the court is of the opinion that the defects stated in subsection 1, clauses (a), (b) and (c) or any of them exist in any indictment or information it may order the district attorney to sever such indictment or information into separate indictments or informations or into separate counts, as shall be proper.

"(3)   If the court is of the opinion that the defect stated in subsection 1, clause (d) exists in any indictment or information it may order that a bill of particulars be filed in accordance with section 42–608.

"(4)   No appeal, or motion made after verdict, based on any of the defects enumerated in this section shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced in his defense upon the merits.   (Trial Court Rule 35–4443)."

The general rule as to joinder of offenses in an information or indictment is well stated in 1 Wharton's Criminal Procedure (10th Ed.) 385, § 335, as follows:

"Counts for offenses of the same character and the same mode of trial, may be joined.   A defendant, as has been already seen, can not generally be charged with two distinct offenses in a single count.   It is otherwise, however, when we approach the question of the introduction of a series of distinct counts. Offenses, it is held, though differing from each other, and varying in the punishments authorized

to be inflicted for their perpetration, and though committed at different times, may be included in the same indictment, and the accused tried upon the several charges at the same time, provided that the offenses be of the same general character, and provided the mode of trial is the same. In misdemeanors, the joinder of several offenses will not vitiate the prosecution in any stage."

In 42 C.J.S., Indictments and Informations, § 183, p. 1144, the author of the text states:

"Misdemeanors. At common law several distinct offenses may be joined by different counts in an indictment where they are misdemeanors in grade, as where they are of the same nature and require similar punishments, and the prosecution may have a judgment on the counts supported by the evidence. This rule has been held applicable, although different punishments attach to the offenses, or although the punishment for one of the offenses is positive and the other discretionary, where the judgments to be given for the different offenses are not necessarily different in character." See, also, Chitty's Crim.Law, 1847 Ed., 249, 252, 254–255.

■ In the case at bar the charge in each count of the information is a misdemeanor. See 1941 Comp. § 41–2202 and 1941 Comp. § 61–1004. The reason back of the rule which, under certain conditions, permits the joinder of separate and distinct offenses is not altogether unilateral. That it is an advantage to the state in many ways can not be gainsaid. Likewise, and especially in the case of petty crimes and misdemeanors as in this case, advantages to a defendant may easily be seen. Indeed, one of the considerations prompting adoption at common law of the rule permitting joinder with greater liberality in the case of misdemeanors than felonies, as pointed out in the case of Gould v. State, 66 Tex.Cr. 421, 147 S.W. 247, was the hardship imposed on a defendant by way of annoyance and expense who, faced with a multiplicity of prosecutions for minor infractions of the law, might be enabled to dispose of all in a single trial as against an alternative of many.

■ The trial judge in passing upon an application to sever or elect exercises a broad and a sound judicial discretion in determining whether to grant the request. The exercise of that discretion depends in a large measure on the special circumstances of each case. Id. Wharton, 397, § 345; 27 A.J. 692, § 134 (Indictments and Informations); Pointer v. United States, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208. He must counter balance benefits and advantages to the one side as against the dangers of legal prejudice to the other and finally rule whether a proper case for

joinder is made out. Cf. State v. Ochoa, 41 N.M. 589, 72 P.2d 609. The fact alone that evidence of two separate crimes is before the jury does not afford proof of legal prejudice. Such proof always is present even where joinder is properly allowed. Likewise, as stated above, it is also present, although not alone a ground for reversal where, as counsel for defendant would contend, joinder was improper and erroneous but for an acquittal on one count. State v. Jones, supra; State v. Turney, supra.

[4] So as we have said, a case for exercise of discretion of the highest order rests with the trial judge when called upon to rule on severance in a case of this kind. Here, he was confronted with claimed violation of two statutes, each proscribing separate misdemeanors. Both arose out of the same transaction. They occurred at the same time and place and were to be established by the same witnesses. Proof of the one offense involved the other to some extent, at least. People v. Andrus, 331 Mich. 535, 50 N.W.2d 310; State v. Winters, Wash., 236 P.2d 1038. But whether so or not, the trial judge may very well have sensed the popular conception of gambling and liquor as twin augurs of evil and, observing that possession of the one under the circumstances and of the tools of the other was made a misdemeanor as to each, have found in this common denominator, possession, made the

gist of the crime, the congruity permitting joinder. Cf. Sanders v. State, 70 Tex.Cr. R. 209, 156 S.W. 927; Teal v. State, 135 Tex.Cr.R. 428, 120 S.W.2d 94; Ellis v. State, 67 Ga.App. 821, 21 S.E.2d 316; People v. Player, 377 Ill. 417, 36 N.E.2d 729. To say the least, we are unable to say that in making this very difficult decision, he abused his discretion.

In Sanders v. State, supra [70 Tex.Cr. R. 209, 156 S.W. 928], the facts are enough like those we have before us to warrant quoting from the opinion at some length. There, as here, officers raided certain premises under a search warrant as a result of which the defendant (appellant) was prosecuted under a complaint and information containing two counts, the first charging him with keeping a disorderly house in that he did keep a house in which prostitutes were permitted to resort and reside; the second also charging the keeping of a disorderly house in that he did keep a house where spirituous, vinous and malt liquors were sold and kept for sale without having obtained a license. Both counts were submitted to the jury under proper instructions. In holding the joinder was permissible and that a separate sentence on each count did not constitute double punishment the court, among other things, said:

"Appellant in his brief states: 'Appellant has lately learned that the trial

court in this cause, by having failed to either approve or disapprove appellant's bills of exception herein, has to a certain extent hogtied defendant, so that defendant cannot lustily kick against this double punishment.' However, further in his brief he does attempt to 'lustily kick,' and, if the complaint and charge of the court are subject to the construction that he places thereon, he would be justified in so doing.

\* \* \* \* \* \*

"If it was intended to charge only one offense to have been committed in two different ways, of course only one punishment would be authorized. But if each count was intended to and did charge a separate and distinct offense, then he could be convicted under each count. This rule was announced in Hall v. State, 32 Tex.Cr.R. 474, 24 S.W. 407, and has been adhered to since that date. (Citations omitted.) In this case the pleader alleges two separate and distinct offenses in separate and distinct counts, one keeping a disorderly house by permitting prostitutes to resort and reside in such house, and the other keeping a disorderly house by keeping intoxicating liquors in a house under his control. The indictment does not seek in one count to charge the offense to have

been committed in one or both ways, and it may be that appellant had two separate and distinct houses, or the evidence may have shown the offense to have been committed on separate and distinct days within the period of limitation. "The statement of facts in this case was not filed within the time permitted by law, and is not approved by the judge, consequently same cannot be considered for any purpose, but, if we could do so, E. S. Kingston and J. F. Murray tell of raiding the house owned and occupied by appellant on October 6th, and arresting 23 of the inmates, about one-half of whom were women, and whom they say were common prostitutes. J. B. Bonner tells of raiding a house occupied by appellant on July 21st, and says they found a refrigerator full of iced beer, a box of beer, and a barrel of beer, and a barrel of whisky on that occasion. So it would seem that the evidence would justify a conviction on both counts. And in the absence of a statement of facts and any bills of exception, if by any legitimate construction the judgment of the court can be sustained, it is our duty to do so, and we think it manifest when we read the information, the charge of the court, and the verdict of the jury, that appellant was found guilty of two

separate and distinct offenses, and he is not receiving double punishment for the same offense.

"The judgment is affirmed.

The analogy between the facts of the Sanders case and this is close enough, we think, to make it persuasive authority in support of the ruling made by the trial court here which we have approved in the conclusions announced.

The defendant raises no question of sufficiency of the evidence to support a conviction on either count of the information. He stood on the trial court's ruling on his objection to the joinder of the two offenses in one information, although in separate counts. He did not himself take the stand. Nor did he offer the testimony of other witnesses or put on evidence of any kind. Hence, if defendant has any valid objection to the trial court's questioned ruling, it must rest on the assumption that, if the charges against him had been tried separately, an acquittal as to one or both might have resulted.

A review of the evidence does not persuade us that the assumption mentioned is warranted. An abundance of intoxicating beverages, consisting of beer and whiskey, was found on the premises and enough gambling paraphernalia along with it to warrant conviction on both counts, tried separately or together. It was admitted at the trial that Curry County was local op-

tion territory and that a license to sell intoxicating beverages could not be lawfully issued. We can see no prejudice.

Finding no error, the judgment will be affirmed and

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and COORS, JJ., concur.