398 P.2d 439

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Bill E. PASCHALL, Defendant-Appellant.**

**No. 7511.**

Supreme Court of New Mexico.

Jan. 18, 1965.

Neal & Neal, Hobbs, William M. Siegenthaler, Artesia, for appellant.

Earl E. Hartley, Atty. Gen., George Richard Schmitt, James V. Noble, Asst. Attys. Gen., Santa Fe, for appellee.

NOBLE, Justice.

Defendant has appealed from conviction of four felonies charged in separate criminal informations which were consolidated for trial over his objection.

He was charged in cause 2689 with concealing an engine, pump and welder about March 8, 1960, the property of Fair Oil Company. In cause 2691, defendant was charged with larceny of pipe on December 7, 1959 from Sunset International Petroleum Corporation. Cause 2752 charged defendant with receiving stolen property of Johnnie Sparger in September of 1961. An information in three counts charged Paschall in cause 2838 with (1) receiving stolen property belonging to Sacra Brothers on February 7, 1962; (2) selling stolen property to C. W. Dunn on March 8, 1960; and (3) larceny of property from Fair Oil Company on March 8, 1960. Defendant

was acquitted of a further count in cause 2838 in a former trial. The trial court consolidated for trial all of the charges contained in the four separate informations over the strenuous objection of the defendant. By subsequent motions and objections at every stage of the trial, defendant preserved his objection to the consolidation and sought severance of the charges and election by the state.

A determination of this appeal turns on whether several separate informations against a single defendant charging him with separate felonies alleged to have been committed at widely separated times and places and involving the property of different owners may be consolidated for trial over the objection of the accused. Consolidation, as here used, means trying the several different criminal informations, charging separate offenses, at one time and before one jury—a procedure which involves separate verdicts respecting each offense charged and tried.

It is permissible to charge separate offenses in a single information if they relate to the same transaction or event, or to connected transactions and, under some circumstances not pertinent here, they may be tried together before the same jury. State v. Brewer, 56 N.M. 226, 242 P.2d 996; State v. Allen, 59 N.M. 139, 280 P.2d 298. But, correlatively, two or more separate and distinct felonies occurring at different times and places, and relating to property belonging to different owners, may not be jointly tried over the defendant's objection. People v. Stingley, 414 Ill. 398, 111 N.E.2d 548; Hummel v. People, 98 Colo. 98, 52 P.2d 669; State v. Reichert, 226 Ind. 171, 78 N.E.2d 785; State v. Brown, 317 Mo. 361, 296 S.W. 125; Green v. State, 134 Fla. 216, 183 So. 728; Shuford v. State, 4 Okl.Cr. 513, 113 P. 211; People v. Jackman, 96 Mich. 269, 55 N.W. 809; see, also, 5 Wharton's Criminal Law and Procedure, § 1935; and State v. Wilson, 25 N.M. 439, 184 P. 531.

We think the question whether separate charges contained in separate informations may properly be joined for trial is largely governed by the same considerations as are applied in passing on an application to sever or require an election between separate counts if these same offenses could have been and were charged in a single information or indictment. State v. Compton, 57 N.M. 227, 257 P.2d 915. It was said in State v. Brewer, supra, that the trial judge, in passing on such motions, is called upon to exercise a broad and sound judicial discretion of the highest order, the exercise of which depends in a large measure upon the special circumstances of each case. It is fundamental, however, that courts must not permit a defend-

ant to be embarrassed in his defense by a multiplicity of charges to be tried before one jury. McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 41 L.Ed. 355; Hummel v. People, supra. In discussing the question and the power and duty of the court to compel the prosecution to elect on which offense it would try the defendant, the author at 5 Wharton's Criminal Law and Procedure, § 1936, said:

> "Such joinder cannot be sustained when the parties are not the same and when the offenses are in no wise parts of the same transaction and must depend upon evidence of a different state of facts as to each or some of them."

The mere fact that the four informations in this case charge a single defendant rather than more than one does not of itself change the rule. McElroy v. United States, supra.

■ The defendant was charged in four informations with six separate crimes. An examination of these four informations upon which the defendant was tried before one jury discloses no connection between any of the acts charged, except that of larceny from the Fair Oil Company, alleged in count 3 of Cause Numbered 2838, and with receiving and concealing the same property in Cause Numbered 2689. Except as to the Fair Oil Company property, each charge alleged an offense regarding the property of a different owner; the offenses occurred at different places and times, from December, 1959 to September, 1962; they pertained to property of different and wholly disconnected owners; and they were not provable by the same evidence. The remaining informations do not charge several acts or transactions of the same class of offenses which might properly have been joined for trial, because each charge was of a separate and distinct substantive crime, complete in itself, and so far as disclosed by the informations, they were independent of each other, not committed pursuant to a single, sustained criminal impulse, or in the execution of a general, fraudulent scheme. The fact that two of the six separate charges might have properly been joined for trial does not require an affirmance.

Hummel v. People, supra, is closely analogous on its facts. The defendant, in the Colorado case, was charged with six counts of larceny from different owners alleged to have been committed at different times and places. Denial of a motion to quash was held to be error. See, also, State v. Dyer, 239 N.C. 713, 80 S.E.2d 769. The reason for the rule prohibiting such consolidation or joinder was clearly explained by Mr. Chief Justice Fuller in McElroy v. United States, supra, when he said:

> " * * * In cases of felony the multiplication of distinct charges has been

considered so objectionable as tending to confound the accused in his defense, or to prejudice him as to his challenges, in the matter of being held out to be habitually criminal, in the distraction of the attention of the jury or otherwise, that it is the settled rule in England and in many of our states to confine the indictment to one distinct offense, or restrict the evidence to one transaction. * * *"

It would seem to us that in the very nature of things it cannot be said that the defendant in this case was not prejudiced in his defense by consolidation for trial of these separate charges. People v. Davis, 42 Cal.App.2d 70, 108 P.2d 85; Ex parte Beard, 246 Ala. 338, 20 So.2d 721; Hummel v. People, supra; State v. Dyer, supra.

We think it is clear that the court abused its discretion in permitting joinder of the separate informations for trial and in denying defendant's motions to require an election or to sever the charges for trial.

Our disposition of the appeal makes it unnecessary to discuss other points argued or briefed. It follows that the judgment and sentences appealed from should be vacated and the trial court directed to proceed in each of the consolidated cases in a manner not inconsistent with this opinion.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.