409 P.2d 128

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Billy James SEAL, Defendant-Appellant.**

**No. 7703.**

Supreme Court of New Mexico.

Dec. 20, 1965.

Neal & Neal, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., Frank Bachicha, Jr., Asst. Atty. Gen., Santa Fe, for appellee.

CHAVEZ, Justice.

Billy James Seal was convicted of entry with or without breaking in the nighttime, or entering in the daytime, contrary to § 40-9-7, N.M.S.A., 1953 Comp., and of grand larceny and appeals.

During the early morning of Sunday, February 17, 1963, tools and office equipment valued in excess of $50 were stolen, after an unauthorized entry of the Spaniol Ford Company in Hobbs, New Mexico. The stolen property was found in the country near Eagle Pass, Texas, on the afternoon of Monday, February 18, 1963.

It was. established .that appellant ·was in ·Hobbs, New Mexico, at the time of the theft, and that he left for Eagle Pass, Texas, about 3:00 o'clock on the morning of February 17, 1963, and was in Eagle Pass at the time of the discovery of the abandoned property. The evidence also showed that footprints were found running from a broken window to a hole in the fence at the scene of the theft, and that a plaster cast was made of a footprint. A witness testified that the footprints he saw at the Spaniol Ford Company and the footprints he saw at the motel, where appellant and his fiance were staying, were made by the same shoe and were similar in every detail. None of the footprints were linked to appellant.

Appellant's vehicle was equipped with four Gates High Capacity tires. Tracks made by the same kind of tire were found near the hole in the fence at the scene of the theft and at the place where the stolen goods were recovered, as well as at the motel where appellant stayed in Hobbs. The evidence shows that the tracks were made by the same kind of tire, but no evidence was presented to show that the tracks were actually made by the tires which were on appellant's car.

Appellant attempted to elude police at the time he was taken into custody. Appellant told police that he knew he was wanted by the authorities and desired to get back to New Mexico to make bond. He also told the police that he might "just cop out on the· whole· thing."

Appellant claims that the following all ·combined to constitute fundamental error: The admission of the footprints without ·relating them to appellant; the attorney's demand for the State that appellant place ·his foot in a plaster cast of a footprint; the introduction and withdrawal of a broken fragment of one of the stolen office machines, and the disallowance of opportunity to make a motion for a directed verdict when the fragment was withdrawn.

Appellant further contends that the giving of an instruction, which allowed the State's attorney to make comment on the fact that appellant failed to testify, violated appellant's rights under § 15, Art. 2, of the New Mexico Constitution, and Amendments 5 and 14 of the Constitution of the United States. Appellant also asks this court to declare that § 41–12–19, N.M.S.A., 1953 Comp., violates the same constitutional provisions.

We do not reach a decision in any of the above contentions due to the fact that it is not required in the disposition of this case.

Appellant contends that the verdict is not supported by substantial evidence. We are aware that a verdict of guilty, supported by substantial evidence, will not be disturbed on review, even if the reviewing court might have found differently if

it were the trier of fact. State v. Martin, 53 N.M. 413, 209 P.2d 525; State v. Greenwood, 63 N.M. 156, 315 P.2d 223. We agree with the State that a reviewing court, in determining if there is substantial evidence, should view the evidence and inferences in a light most favorable to the prosecution. State v. Martinez, 53 N.M. 432, 210 P.2d 620; State v. Romero, 67 N.M. 82, 352 P.2d 781.

■ It is important, however, to note that all of the evidence in this case is circumstantial evidence. As far back as 1896 the rule relative to convictions, based solely on circumstantial evidence, was enunciated in Territory v. Lermo, 8 N.M. 566, 46 P. 16, wherein the court held that the following instruction was proper:

"* * * 'The court instructs the jury that, where circumstances alone are relied upon by the prosecution for a conviction, the circumstances must be such as to apply exclusively to the defendant, and such as are reconcilable with no other hypothesis than the defendant's guilt, and they must satisfy the minds of the jury of the guilt of the defendant beyond a reasonable doubt.' "

In State v. Rice, 58 N.M. 205, 269 P.2d 751, we again noted that, when the State relies solely upon circumstantial evidence to prove its case, such evidence must be inconsistent with any reasonable hypothesis of defendant's innocence. The same rule was reiterated in City of Raton v. Cowan, 67 N.M. 463, 357 P.2d 52.

In State v. Easterwood, 68 N.M. 464, 362 P.2d 997, this court stated:

"It is not enough that the testimony raise a strong suspicion of guilt. It [circumstantial evidence] must exclude every reasonable hypothesis other than the guilt of the defendant. * * *"

■ The evidence in this case falls short of the standard required by the cases cited above. The similarity of the footprints and the tire prints, the locations of appellant, and appellant's actions and statements, created a suspicion that he committed the offense charged. But we cannot say that there are not other reasonable hypotheses which permit of appellant's innocence in view of the evidence presented by the State. Because the circumstantial evidence, solely relied upon by the State for the conviction, fails to meet the standard required, the conviction and judgment entered pursuant thereto must be reversed.

The cause is remanded to the district court with instructions to set aside the judgment and sentence and to discharge appellant.

It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.