430 P.2d 378

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Curtis Ray SHARP, Defendant-Appellant.**

**No. 8261.**

Supreme Court of New Mexico.

July 24, 1967.

———◆———

Neal & Neal, Tom W. Neal, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

CARMODY, Justice.

The defendant was convicted of the crime of burglary in the district court of Eddy County and appeals.

A police officer of the city of Carlsbad saw two men at the rear door of a bar at 2:00 A.M. on January 6, 1966. One of them was standing beside the door and the other was half-way in or out of a hole chopped in the lower panel of the door. The man in the process of entering or leaving the building was captured at the scene. The other fled into a field behind the bar, carrying a gun and a walkie-talkie. The pursuing officers momentarily lost sight of him, but the defendant was apprehended within minutes by another police officer at a canal in the field behind the bar. This officer did not testify at trial. Romero, a witness who came upon the arresting officer and his prisoner, the defendant, testified that the officer told the witness, "I seen him drop something." Objection was made and the court instructed Romero not to testify in regard to what anyone said. The testimony already in the record was not stricken. Romero further testified that he took the officer's flashlight and, at the officer's request, went to "pick up the items that he had seen the individual drop." It turned out that these were a walkie-talkie and a gun. The officer first on the scene testified that he heard the arresting officer order someone to drop his gun. The gun and walkie-talkie were introduced in evidence without objection.

At trial the defendant was identified as the man apprehended in the canal. The officer who initially saw the two men behind the bar testified that for a week or two after the occurrence he could make identification of the defendant as the man who fled into the field, but he did not do so at trial. This officer admitted on cross-examination that he had previously testified at the preliminary hearing that the first time he could see the features of the defendant was after his arrest.

No one other than the man fleeing from the bar was shown to be in the area at the time, except the police officers and Romero.

The defendant contends that his conviction should be reversed because he was not identified as the person committing the crime, and, in addition, that the case against him was built entirely on circumstantial evidence, in that the proof did not exclude every reasonable hypothesis other than the guilt of the defendant. In this connection he relies on State v. Seal, 1965, 75 N.M. 608, 409 P.2d 128.

The facts here and those in State v. Seal are not comparable.

The defendant was identified as the person committing the crime by circumstances which exclude every reasonable hypothesis other than his guilt. He ran from the bar carrying a gun and a walkie-talkie. He was seen dropping these articles by the arresting officer. That officer, it is true, did not testify, and his hearsay statements were used to show the truth of the facts stated. There were two out-of-court statements of the officer testified to by the witness. Only one was objected to, and even that objection was insufficient, not having stated the grounds upon which it was made, State v. La Boon, 1960, 67 N.M. 466, 357 P.2d 54; and there having been no motion made for its exclusion. State v. Carter, 1954, 58 N.M. 713, 275 P.2d 847. The second statement by the witness that the arresting officer saw the defendant drop the named articles was not properly responsive to the question, but there was no objection. The evidence so elicited may be considered by the jury for all purposes. State v. Romero, 1960, 67 N.M. 82, 352 P.2d 781; State v. Trujillo, 1955, 60 N.M. 277, 291 P.2d 315.

With the record in such a state as this, it is obvious that the circumstantial evidence bolstered by the direct evidence discussed above, excludes every reasonable hypothesis other than the guilt of the defendant. The only hypothesis possible which would be consistent with the innocence of the defendant is that there were two persons wandering through the field in question, each carrying a walkie-talkie and a gun, at 2:00 A.M. in early January. This is an hypothesis, but not a reasonable one, and need not be eliminated by the evidence under the rule of State v. Seal, supra.

The judgment of the district court is affirmed. It is so ordered.

MOISE, J., and SPIESS, J., Court of Appeal, concur.