471 P.2d 189

STATE of New Mexico, Plaintiff-Appellee,

v.

Michael G. MALOUFF and John R. Malouff, Defendants-Appellants.

No. 414.

Court of Appeals of New Mexico.

May 28, 1970.

**620**

Lorenzo E. Tapia, Marc Prelo, Jr., Albuquerque, for defendants-appellants.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Justin Reid, Asst. Attys. Gen., for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendants were convicted of unlawful taking of a motor vehicle. Section 64–9–4, N.M.S.A. 1953 (Repl. Vol. 9, pt. 2).

Defendants' second point relating to sufficiency of the evidence is dispositive of this appeal. We reverse for the reasons hereinafter stated.

Defendants contend the trial court's failure to direct a verdict of acquittal at the close of the State's case was error. Defendants' basis for this claim is that when circumstances alone are relied upon, they must point unerringly to defendants and be incompatible with and exclude every reasonable hypothesis other than guilt. We agree. State v. Ford, 80 N.M. 649, 459 P.2d 353 (Ct.App.1969); State v. Hovey, 80 N.M. 373, 456 P.2d 206 (Ct.App. 1969); State v. Kennedy, 80 N.M. 152, 452 P.2d 486 (Ct.App.1969).

Defendants were charged with the unlawful taking, on February 3, 1969, of a 1968 Camaro belonging to Dr. Bivens. On February 4, 1969 the police found a stripped 1968 Camaro at 1523 Park, Southwest, Albuquerque. Later, that same day, Dr. Bivens identified a stripped 1968 Camaro at Unser's Wrecking Yard as belonging to him. There was no evidence linking this car to the one found at 1523 Park, Southwest.

The police, by back-tracking from oil drippings and scratch marks, concluded that the Camaro found at 1523 Park, Southwest, had been in a garage at 207 Gallup, Southeast, Albuquerque. In the garage were various automobile parts some of which had serial numbers which corresponded with the serial number on the Camaro found at Park, Southwest. There was, however, no evidence that the serial number on the Camaro at Unser's corresponded with the serial numbers on the auto parts in the garage or with the Camaro found at Park, Southwest. There was evidence that the mother of defendants lived at the Gallup address. There was no evidence as to where the two defendants lived. They were seen at the Gallup address and had greasy hands and a coat belonging to one of the defendants had an oil spot on the back.

Defendants assert that the State failed to sustain the burden of proof with regard to (a) the identity of the stolen car and (b) the identity of the car thieves.

## IDENTITY OF THE STOLEN CAR.

Defendants were charged with the unlawful taking of Dr. Bivens' car without his consent. Although Dr. Bivens identified his car at Unser's, the record is void of any evidence that this was the car found at Park, Southwest. There is no evidence that the car identified at Unser's had a serial number. Neither is there evidence that the Park, Southwest, Camaro was towed to Unser's nor that Dr. Bivens was told by the officers to go to Unser's to identify the Camaro.

The facts may raise a strong suspicion that these two cars, the one at Unser's and the one found on Park, Southwest, were the same. But a strong suspicion is not enough. State v. Easterwood, 68 N.M. 464, 362 P.2d 997 (1961). Circumstantial evidence must exclude every reasonable hypothesis other than the guilt of the defendants. State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965); State v. Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct.App.1969).

However, assuming that we could infer, without speculation, that the Camaro at Park, Southwest, was the same as the car identified by Dr. Bivens at Unser's, we are still faced with the issue of identity of the car thieves.

## IDENTITY OF THE CAR THIEVES.

Even if we assume the parts found in the garage on Gallup belonged to Dr. Bivens we fail to see that such evidence points exclusively to the defendants.

There is no evidence that defendants lived at the Gallup address. There is no evidence that defendants had any dominion or control over the garage, much less exclusive use of the garage. There is evidence that when the police arrived they saw defendants' mother at the window; that she came out dressed in a robe; and that afterwards one of the defendants came out dressed in Bermuda shorts and later the other defendant was there in pants and a shirt.

The State contends that the unexplained exclusive possession of recently stolen goods may be substantial evidence on which to sustain a conviction. State v. Romero, 67 N.M. 82, 352 P.2d 781 (1960). Assuming this is true, nevertheless the State has failed to establish such exclusive possession in either of the defendants.

There is no evidence to negate the mother having dominion and control over the garage and its contents. There is no evidence to suggest why both defendants and not one alone had such dominion and control. For the jury to have reached the conclusion, that both defendants had control and dominion over the garage they had to speculate. This it may not do. State v. Romero, supra.

The State cites State v. Slade, 78 N.M. 581, 434 P.2d 700 (Ct.App.1967) for the proposition that in New Mexico after conviction a reviewing court views the evidence and inferences in the light most favorable to the prosecution. With the proposition we agree. That proposition, however, does not replace the requirements of proof. See Payne v. Tuozzoli, 80 N.M. 214, 453 P.2d 384 (Ct.App.1969).

The rule cited by the State presupposes that requirements of proof for convictions based on circumstantial evidence have been met. In this case they were not. The State brought forth no evidence pointing logically to defendants and excluding every other reasonable hypothesis. State v. Hovey, supra.

It was error to deny the motion for a directed verdict. Since we reverse for a failure of proof, rather than error in the trial proceedings, the cause is remanded with instructions to discharge the defendants. State v. Vallo, 81 N.M. 148, 464 P.2d 567 (Ct.App.1970).

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.