490 P.2d 1233

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Robert James HEIM and Frederick W. Just, Defendants-Appellants.**

**No. 695.**

Court of Appeals of New Mexico.

Nov. 12, 1971.

Fred M. Calkins, Jr., Matteucci, Franchini, Calkins & Michael, Albuquerque, for defendants-appellants.

David L. Norvell, Atty. Gen., C. Emery Cuddy, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of burglary defendants appeal asserting three points for reversal. The first point, failure of the trial court to grant defendants' motion for a directed verdict, is dispositive of the appeal. We reverse.

Shortly before 4:35 p. m. on September 11, 1970 the Cordeiro residence was burglarized. Among the items taken were two small novelty knives, a gun and a television set. An eye-witness identified one of the three men involved. The one identified is not involved in this action. Subsequently, at some time before 11:25 p. m: on September 11, 1970 the two defendants, in possession of the burglarized items at a motel, were arrested. This was some distance from the Cordeiro residence. The record is silent and there are no facts upon which inferences can be based as to how the defendants came into possession of the items taken from the Cordeiro residence.

Burglary is the unauthorized entry of a dwelling or other structure with intent to commit a felony or theft therein. Section 40A–16–3, N.M.S.A.1953 (Repl.Vol. 1970). Recently stolen property found in the possession of a defendant will not alone support a conclusion of guilt unless there is evidence of other circumstances connecting the defendant with the crime charged. State v. Graves, 73 N.M. 79, 385 P.2d 635 (1963). It is not enough that the testimony raised the strong suspicion of guilt. State v. Easterwood, 68 N.M. 464, 362 P.2d 997 (1961). The evidence and reasonable inferences that flow therefrom must exclude every reasonable hypothesis other than the guilt of the defendant. State v. Malouff, 81 N.M. 619, 471 P.2d 189 (Ct.App.1970).

Under the foregoing circumstances we cannot say that there are not other reasonable hypotheses which permit of defendants' innocence in view of the evidence presented by the State. State v. Seal, 75 N.M. 608, 409 P.2d 128 (1965).

Since we reverse for a failure of proof, rather than an error in the trial proceedings, the cause is remanded with instructions to discharge the defendants. State v. Malouff, supra.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.