This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37643**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**OLIVER VALDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals his convictions following a jury trial for aggravated driving under the influence of intoxicating liquors and/or drugs (DUI), pursuant to NMSA 1978, Section 66-8-102(D)(3) (2016), and child abuse not resulting in death or great bodily harm (reckless child endangerment), pursuant to NMSA 1978, Section 30-6-1(D)(1) (2009), raising three issues for our consideration. First, Defendant challenges the sufficiency of the evidence to support his conviction for DUI, claiming that the State failed to present sufficient evidence of his intent to drive. Second, Defendant argues the

State failed to present sufficient evidence to support his reckless child endangerment conviction because it did not present evidence that Defendant exposed his son to an inherently dangerous situation, as opposed to a hypothetical risk of harm. Third, Defendant contends the State committed prosecutorial misconduct during closing argument when the prosecutor argued that Defendant controlled the steering of the car and commented that Defendant refused to take a breath test. Finding no error, we affirm.

## BACKGROUND

**{2}** At trial, Defendant's then-ten-year-old son (Child) testified that when he was nine years old, while he was riding with Defendant in his vehicle in Shiprock, New Mexico, Defendant pulled the vehicle over, shifted to the passenger seat and instructed Child to drive to Child's mother's apartment complex in Farmington, New Mexico. Child complied. During the drive, Defendant slept. Child testified Defendant had consumed alcohol that day and there was alcohol in the vehicle.

**{3}** New Mexico State Police Officer Brandon Murphy (Officer Murphy) testified he was dispatched to the Northgate Apartments in Farmington in response to a report of a man passed out in a car. Officer Murphy observed Defendant's vehicle parked near the apartment complex. Officer Murphy pulled behind the parked vehicle, exited his patrol car, and approached the vehicle. As he approached, the vehicle began moving. Officer Murphy got into his patrol car, activated his emergency equipment, and pursued the vehicle. The vehicle turned into the apartment complex.

**{4}** Child testified that upon seeing Officer Murphy approaching the vehicle, he woke Defendant up. Defendant then put the car in drive, pushed Child's leg down to press on the gas, and grabbed Child's arm to assist him in turning the steering wheel to the right.

**{5}** Officer Murphy testified that as the vehicle stopped, Defendant exited the vehicle from the passenger side, and Officer Murphy found Child sitting in the back seat with his seatbelt on. Officer Murphy and Child agree that Defendant admitted he was the driver of the vehicle, though Defendant later denied driving the vehicle. Officer Murphy further testified that he observed Defendant had bloodshot, watery eyes, and a strong odor of alcohol emitting from his person. Officer Murphy arrested Defendant.

## DISCUSSION

### The DUI Charge

**{6}** On appeal, Defendant argues that the evidence supporting his conviction for DUI is insufficient. "In reviewing for sufficiency of the evidence, we must determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Torres*, 2018-NMSC-013, ¶ 42, 413 P.3d 467 (internal quotation marks and citations omitted). "Substantial evidence is relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *State v. Comitz*, 2019-NMSC-011, ¶ 16, 443 P.3d 1130 (internal quotation marks and citation omitted). Under the sufficiency of the evidence standard, evidence is viewed "in the light most favorable to the guilty verdict, . . . resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. When reviewing for sufficiency of the evidence, "[t]he jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (alteration, internal quotation marks, and citation omitted).

**{7}**     The jury was instructed that to find Defendant guilty of DUI, the State was required to prove, beyond a reasonable doubt, that:

1.     [D]efendant operated a motor vehicle; and,

2.     At the time, [D]efendant was under the influence of intoxicating liquor, that is, as a result of drinking liquor [D]efendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public;

3.     This happened in New Mexico, on or about the 25th day of March, 2017.

*See* UJI 14-4501 NMRA. Further, the jury was advised that, "A person is 'operating' a motor vehicle if the person is [] driving the motor vehicle; or, in actual physical control with the intent to drive the vehicle, whether or not the vehicle is moving." *See* UJI 14-4511 NMRA.

**{8}**     Here, Defendant's challenge to the sufficiency of the evidence for his DUI conviction is limited to his claim that the State failed to establish he "intended to drive." To convict Defendant of DUI, "the fact finder must assess the totality of the circumstances and find that (1) the defendant was actually, not just potentially, exercising control of the vehicle, and (2) the defendant had the general intent to drive so as to pose a real danger to himself, herself, or the public." *State v. Sims*, 2010-NMSC-027, ¶ 4, 148 N.M. 330, 236 P.3d 642. To determine whether an individual was in actual physical control of the vehicle and had a general intent to drive so as to pose a real danger to himself or the public, our Supreme Court has adopted a non-exhaustive list of factors to consider: (1) whether the vehicle was running; (2) whether the ignition was turned on; (3) where the key was located; (4) where and in what position the driver was in the vehicle; (5) whether or not the person was awake; (6) whether the vehicle's headlights were on; (7) whether the vehicle was stopped; (8) whether the driver had voluntarily pulled off the road; (9) time of day; (10) weather conditions; (11) whether the heater or air conditioner was on; (12) whether the windows were up or down; and (13)

any explanation of the circumstances demonstrated by the evidence. *Id.* ¶ 33; *see also* UJI 14-4512 NMRA (listing substantially similar factors).

**{9}** Although one of these factors weighs in favor of Defendant's claim that the State presented insufficient evidence of his intent to drive—"where and what position the driver was in the vehicle"—several of the others weigh against him. Furthermore, the "explanation of the circumstances" demonstrated by Child's testimony, *Sims*, 2010-NMSC-027, ¶ 33, make clear that Defendant was "operating" the vehicle by exercising "actual physical control with the intent to drive the vehicle," UJI 14-4511, when Defendant shifted the vehicle into drive, put his hand on Child's leg to press the gas pedal, and manipulated Child's hand to turn the steering wheel, regardless of where Defendant was sitting at the time. Therefore, we conclude the totality of the circumstances demonstrate that Defendant had the general intent to drive and affirm his conviction for DUI.

### Reckless Child Endangerment

**{10}** Defendant next contends that the evidence supporting his conviction for reckless child endangerment is insufficient. Defendant claims the evidence was lacking because Child was exposed to a hypothetical danger as opposed to real danger, as required by Section 30-6-1(D)(1). As with Defendant's DUI conviction, we review the jury's verdict for sufficiency of the evidence, viewing the evidence "in the light most favorable to the guilty verdict, . . . resolving all conflicts in the evidence in favor of the verdict." *Cunningham*, 2000-NMSC-009, ¶ 26.

**{11}** With respect to the reckless child endangerment charge, the instruction tendered to the jury required the State to prove, in relevant part, that Defendant "caused a substantial and unjustifiable risk of serious harm to the safety or health of [Child]. A substantial and unjustifiable risk is one that any law-abiding person would recognize under similar circumstances that would cause any law-abiding person to behave differently." *See* UJI 14-612 NMRA (setting out elements of reckless child endangerment); *State v. Schaaf*, 2013-NMCA-082, ¶ 8, 308 P.3d 160 (recognizing that "our Supreme Court has declared that the defendant's conduct must create a substantial and foreseeable risk of harm" (emphasis, internal quotation marks, and citation omitted)).

**{12}** Our Supreme Court has identified four factors to consider when evaluating "whether the risk created by an accused's conduct is substantial and foreseeable": (1) the gravity of the risk; (2) whether the defendant's conduct violates a separate criminal statute; (3) the likelihood of harm to the child; and (4) the length of time the conditions were allowed to exist and the amount of supervision. *Id.* ¶ 9 (internal quotation marks and citation omitted). The State "must present specific evidence . . . connecting the circumstances to a substantial and foreseeable risk of harm[.]" *Id.*

**{13}** We disagree with Defendant's contention that the circumstances of this case create only a hypothetical danger. Instead, we conclude that all the factors identified by

our Supreme Court weigh in favor of the conclusion that Defendant created a substantial and foreseeable risk of harm to Child. Defendant placed his nine-year-old son in control of a motor vehicle and instructed him to drive a distance of about twenty-eight miles on U.S. Highway 24 while Defendant slept, creating a grave risk to Child. When he realized Officer Murphy had pulled up behind him, Defendant drove the vehicle from the passenger seat while he was intoxicated, violating a separate criminal statute. Defendant also forced Child to violate NMSA 1978, Section 66-5-2(A)(1) (2013), which prohibits driving "any motor vehicle . . . upon a highway in this state unless the person . . . holds a valid license issued under the provisions of the Motor Vehicle Code[.]" The likelihood of harm to Child was significant due to Child's age and the inherent danger of an untrained, unlicensed driver operating a motor vehicle on a U.S. highway. Finally, the conditions continued for a significant time with no supervision while Child drove from Shiprock to Farmington with Defendant sleeping through most of it.

**{14}**   Defendant argues this case is akin to *State v. Garcia*, 2014-NMCA-006, 315 P.3d 331, requiring that we conclude that the danger to Child was hypothetical. We disagree. In *Garcia*, the mother of a young child fell asleep in her apartment after consuming drugs and alcohol. *Id.* ¶¶ 2, 4. The child was subsequently discovered wandering around outside of the apartment with no supervision. *Id.* ¶ 2. The *Garcia* Court concluded that "[t]he record [was] completely devoid of evidence indicating that [the d]efendant's voluntary intoxication created the situation in which her unsupervised child would foreseeably leave the apartment . . . and be vulnerable to a substantial risk of injury." *Id.* ¶ 12. In contrast, here, Defendant gave Child control of a motor vehicle and directed him to drive it a long distance and then fell asleep, leaving Child to operate the vehicle unsupervised—a situation that created a substantial and foreseeable risk to Child. For the reasons stated, we conclude that the State presented sufficient evidence to support Defendant's conviction for reckless child endangerment.

**Prosecutorial Misconduct**

**{15}**   Defendant contends that the State committed prosecutorial misconduct by making "false and misleading statements during closing argument." Citing *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, Defendant points to two statements, neither of which were objected to, he claims entitle him to the reversal of his convictions.

**{16}**   First, Defendant complains "the prosecutor argued that [Defendant] controlled the steering of his car while [Child] drove." Defendant does not explain how the prosecutor's statement was inappropriate, and we note Child testified that when Defendant was alerted that Officer Murphy pulled behind Defendant's vehicle, Defendant put the car in drive, pushed Child's leg down to press on the gas, and grabbed Child's arm to assist him in turning the steering wheel. In light of Child's testimony, we see no misconduct on the part of the prosecutor arising out of this comment, as the prosecutor's comment was grounded in the evidence. *See State v. Santillanes*, 1970-NMCA-003, ¶ 14, 81 N.M. 185, 464 P.2d 915 ("Statements having their basis in the evidence, together with

reasonable inferences to be drawn therefrom, are permissible and do not warrant reversal.").

{17}    Next, Defendant complains that "[t]he prosecutor . . . made an argument that the reason why there was no evidence of [Defendant's] blood alcohol content was because he refused to take a breath test when the record clearly reflects the reason there was no evidence of his blood alcohol content was because the State's witness failed to appear." Defendant does not provide us with citations to the record where the prosecutor's statement can be found or supporting his claim that the real reason for the lack of blood alcohol evidence was a witness's failure to appear. *See* Rule 12-318(A)(3) NMRA (providing that a party's briefing shall contain citations to the record proper, transcript of proceedings, or exhibits supporting each factual representation). Defendant also fails to cite any authority to support his claim that the statement he alleges to be misconduct amounts to fundamental error, requiring reversal of his conviction. *See State v. Allen*, 2000-NMSC-002, ¶ 95, 128 N.M. 482, 994 P.2d 728 ("Prosecutorial misconduct rises to the level of fundamental error when it is so egregious and had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial." (internal quotation marks and citation omitted)). Absent citations to the record and authority to support his claim, we will not review Defendant's argument. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts do not review unclear or undeveloped arguments).

**CONCLUSION**

{18}    We affirm Defendant's convictions.

{19}    **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**